IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

|  |  |  |
|---|---|---|
| CHARLES M. DUNCAN, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 1:09-cv-01005-JDB-egb |
| UNION UNIVERSITY, | ) | |
| Defendant. | ) | |

---

**REPORT AND RECOMMENDATION ON MOTION TO ENFORCE JUDGMENT**

---

Before the Court is Defendant's Motion to Enforce Settlement Agreement and for Entry of Order of Dismissal with Prejudice (D.E. 19).  Plaintiff has not responded to the Motion.[1]  This Motion has been referred to the Magistrate Judge.

As Defendant has noted, a district court has the authority to enforce an agreement to settle litigation pending before it.  *See Bostick Foundry Co. v. Lindberg*, 797 F.2d 280, 282-83 (6th Cir. 1986).  However, "[b]efore enforcing a settlement, a district court must conclude that agreement has been reached on all material terms."  *Re/Max Intl, Inc. v. Realty One, Inc.*, 271 F.3d 633, 645-46 (6th Cir. 2001).  "Ordinarily, an evidentiary hearing is required where facts material to an agreement are disputed."  *Id.* at 646 *citing Kukla v. Nat'l Distillers Prods. Co.,* 483 F.2d 619, 622 (6th Cir. 1973); *Aro Corp. v. Allied Witan Co.,* 531 F.2d 1368, 1372 (6th Cir. 1976)).  Conversely, "no evidentiary hearing is required where an agreement is clear and unambiguous and no issue of fact is present." *Id.* (citing *Aro Corp.,* 531 F.2d at 1372).  Summary enforcement of a settlement agreement has been deemed

---

[1]  Plaintiff has filed a "Plaintiff's Order of Stipulation" and a Memorandum in Support, but these pleadings do not appear to be a response to Defendant's Motion.

appropriate where no substantial dispute exists regarding the entry into and terms of an agreement. *Kukla,* 483 F.2d at 621.

In this case, there is no question that the Defendant made an Offer of Judgment to Plaintiff in the amount of $2,500 which was accepted by Plaintiff.  Plaintiff executed a Release and Settlement Agreement, the settlement check was sent to Plaintiff and cashed. Defendant filed the Offer of Judgment with the Court.  Plaintiff later informed the Court that the case had been settled (D.E. 16). Plaintiff's actions demonstrate that he can read and write and that he understood his actions.  Plaintiff has not claimed otherwise.

Defendant also requests that the Court award to Defendant its reasonable attorney's fees, costs and expenses related its efforts to enforce the settlement in this case.  Defendant makes no argument in support of its request, simply stating that it makes its request pursuant to *Alyeska Pipeline Co. v. Wilderness Society*, 421 U.S. 240, 247-59 (1975); *Bamerilease Capital Corp. v. Nearburg*, 958 F.2d 150 (6th Cir. 1992).  Neither Defendant's pleadings nor the caselaw upon which Defendant relies has convinced the Magistrate Judge that attorney's fees, costs and expenses should be awarded in this case.

Accordingly, the Magistrate Judge recommends that Defendant's Motion to Enforce Settlement Agreement and for Entry of Order of Dismissal with Prejudice be granted, with the exception of Defendant's request for attorney's fees, costs and expenses.

Respectfully submitted this 2nd day of February, 2010,


**s/Edward G. Bryant**
EDWARD G. BRYANT
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT.  28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**